98 F.3d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul Masaru ONO, Plaintiff-Appellant,
v.
C.E. FLOYD, Warden; J. Slade; J. Pendleton; W. Butler,
Counselor N-A; Capt. Chalmers; Mr. Groover,
Counselor; Mr. Gardiner, Unicor
Foreman, Defendants-Appellees.
 No. 95-15407.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 9, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Paul Masaru Ono appeals pro se the district court's denial of a preliminary injunction in his action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), and we affirm.
 
 
 3
 We generally review the denial of a preliminary injunction for an abuse of discretion. Beno v. Shalala, 30 F.3d 1057, 1063 (9th Cir.1994). However, legal issues underlying the decision to deny preliminary relief are reviewed de novo. Id.
 
 
 4
 On July 22, 1994, Ono filed a Bivens action contending that defendants violated his constitutional rights when they confiscated legal and religious documents from his cell. On August 10, 1994, Ono moved for a preliminary injunction and/or temporary restraining order (TRO) to prohibit defendants from retaliating against him in any way based on his Bivens action. Specifically, Ono sought an injunction which would: (1) enjoin defendants from transferring Ono or transferring any inmate who signed an affidavit on his behalf; (2) require defendants to remove from Ono's prison files any reference to any event described in Ono's complaint; (3) require defendants to permit Ono and other prisoners to communicate orally and in writing regarding this action; and (4) require defendants to permit Ono access to legal documents through the mail from sources outside the prison.
 
 
 5
 On September 16, 1994, the district court denied the TRO on the ground that Ono had failed to notice defendants, but ordered a response to Ono's motion for preliminary injunction. After defendants filed a response to Ono's motion for a preliminary injunction, Ono filed a reply. Attached to his reply, Ono included a declaration in which he swore under penalty of perjury that Officer Terelli, during a search of Ono's cell, spilled a glass filled with Pepsi and ice on the floor next to his bed, an area "generally known" by corrections officers to be used by Ono for daily prayer. On February 2, 1995, the district court denied Ono's motion for a preliminary injunction.
 
 
 6
 Ono insists he is entitled to a preliminary injunction. We disagree for the reasons set forth by the district court. Although the district court did not expressly address the Pepsi incident, the allegations concerning that incident, if true, would not meet the burden for a preliminary injunction and Ono has made no showing that Terelli's conduct was retaliatory.
 
 
 7
 On appeal, Ono alleges that his cellmate was transferred after he signed an affidavit on Ono's behalf. Ono also alleges that he has received only two or three pieces of his incoming legal mail unopened. Because these allegations were not before the district court when it ruled on February 2, 1995, we decline to address them on appeal. See National Wildlife Fed. v. Burlington Northern R.R., Inc., 23 F.3d 1508, 1511 n. 5 (9th Cir.1994).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3